IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LONNIE LANE,

    Plaintiff

    v.

CASE NO.

PUBLIX SUPER MARKETS,
INC., a Florida Profit
Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LONNIE LANE (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against PUBLIX SUPER MARKETS, INC. (hereinafter referred as "PUBLIX" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"); as well as interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages

(if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

3. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

4. Plaintiff was an employee of Defendant from approximately January 1999 to August 2021.

5. Plaintiff was employed by Defendant in Jacksonville, Florida.

6. Defendant is a Florida for Profit Corporation which operates one or more stores in the state of Florida, including the Jacksonville location where Plaintiff was employed.

7. Defendant employs more than fifty (50) employees.

8. Defendant employs more than fifty (50) employees within 75 miles of Jacksonville, Florida.

9. Plaintiff was an "employee" as defined by the FMLA.

10. Defendant is an "employer" as defined by the FMLA.

11. Plaintiff was an "employee" as defined by the ADAAA.

12. Defendant is an "employer" as defined by the ADAAA.

13. As of the date of his termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

14. As of the date of his termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

15. At all times material hereto, Plaintiff suffered from Covid-19.

16. Plaintiff was discriminated against based on his disability.

17. Plaintiff is a member of a class of individuals protected by the ADAAA.

18. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

19. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA.

20. At all times material to the allegations herein, Plaintiff was qualified for his Meat Cutter position with Defendant.

21. Plaintiff timely filed his Charge of Discrimination with the EEOC on February 3, 2022.

22. The EEOC issued a Dismissal and Notice of Rights on August 8, 2022.

23. Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

24. Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## **FACTUAL ALLEGATIONS**

25. Plaintiff was hired by Publix in January of 1999.

26. Plaintiff's last held the position of Meat Cutter.

27. Plaintiff had no significant discipline throughout his lengthy career.

28. On July 14, 2021, Plaintiff began a two-week approved vacation.

29. While on vacation, Plaintiff contracted Covid-19.

30. Plaintiff's COVID-19 related symptoms were so bad, Plaintiff had to be rushed to the hospital emergency room on July 22, 2021 in New Port, Vermont.

31. On July 25, 2021, Plaintiff had to be rushed to the emergency room for a second time because his COVID-19 symptoms had worsen again.

32. This time, Plaintiff was admitted into the hospital because he had contracted Covid Pneumonia.

33. Plaintiff contacted his supervisor, Taylor Mead, via text message, and informed him that he was hospitalized with Covid Pneumonia.

34. Given Plaintiff's serious health condition, Defendant failed to inform Plaintiff that he could utilize FMLA leave while dealing with hospitalization and illness.

35. Plaintiff was released from the hospital on August 3, 2021.

36. Plaintiff then drove back to Florida.

37. Plaintiff arrived home on August 5, 2021.

38. Throughout, Plaintiff kept his manager up to date on his condition and when he would be able to return to work.

39. On August 11, 2021, Plaintiff went to his Publix location and picked up FMLA documents to be completed.

40. Plaintiff also stated that he did not know when his doctor would release him to return to work.

41. Plaintiff also told Defendant that getting an appointment with a doctor was challenging.

42. Plaintiff provided relevant documentation in his possession as soon as he could.

43. Despite keeping Publix up to date and working on completing the requested medical documents, Defendant considered him to have resigned, effective August 14, 2021,

44. Defendant confirmed Plaintiff's alleged resignation in correspondence dated August 25, 2021.

45. On August 26, 2021, Plaintiff was asked to provide additional medical documents regarding his leave.

46. Plaintiff was terminated because of his attempts to avail himself of his FMLA leave rights.

47. Plaintiff had been an employee in good standing until the end of his employment.

48. Further, Defendant refused to accommodate Plaintiff.

49. At no time during his employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet his job duties or on absenteeism.

50. At the time of his termination, Plaintiff worked for a covered employer as defined by the FMLA.

51. At the time of his termination, Plaintiff was eligible for FMLA leave.

52. Plaintiff's notice for his need for FMLA leave was timely.

53. Defendant was aware that Plaintiff had a serious health condition that qualified for FMLA leave and yet, failed to properly advise Plaintiff of his rights under the FMLA.

54. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

55. Defendant's actions also constitute discrimination and retaliation in

violation of Plaintiff's rights under the FMLA.

56. Plaintiff's medical condition qualified as a disability under the ADAAA.

57. Plaintiff was treated differently than similarly situated non-disabled employees.

58. Defendant discriminated against Plaintiff for taking necessary time off due to his disability.

59. Defendant terminated Plaintiff in retaliation for taking necessary time off due to his disability.

## COUNT I
## INTERFERENCE UNDER THE FMLA

60. Plaintiff re-alleges and adopts the allegations of paragraphs 1-10, 13-15, 20, 25-48, 50-57 above as if fully set forth herein.

61. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

62. Defendant was Plaintiff's employer as defined by the FMLA.

63. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

64. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future

pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

65. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

66. Defendant's violations of the FMLA were willful.

67. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE FMLA

68. Plaintiff re-alleges and adopts the allegations of paragraphs 1-10, 13-15, 20, 25-48, 50-57 above as if fully set forth herein.

69. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

70. Defendant was Plaintiff's employer as defined by the FMLA.

71. Defendant discriminated and retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

72. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

73. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

74. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

75. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

76. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

77. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future

9

pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

78. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

79. Defendant's violations of the FMLA were willful.

80. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION UNDER THE ADAAA

81. Plaintiff re-alleges and adopts the allegations of paragraphs 1-5, 11-

12, 15-46, 48-50, 58-60 above as if fully set forth herein.

82. Plaintiff suffered from a medical condition pursuant to the ADAAA.

83. Plaintiff was discriminated against by the Defendant due to his disability in violation of Federal law.

84. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

85. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

86. Plaintiff is protected by the ADAAA:

a. Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

87. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

88. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

89. Defendant's actions unquestionably constitute disability

discrimination in violation of the ADAAA, as amended.

90. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

91. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

92. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

93. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

94. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

95. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is members of protected classes as envisioned by the ADA.

96. Plaintiff suffered sufficiently severe and pervasive treatment because of his disability and/or "perceived disability," and request for accommodation regarding same.

97. The acts of Defendant, by and through its agents and employees,

violated Plaintiff's rights against disability discrimination under the ADAAA.

98. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

99. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

100. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

101. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotional pain and suffering;

 e. Injunctive relief;

f.        Prejudgment interest;

g.        Costs and attorney's fees; and

h.        Such other relief as the Court may deem just and proper.

## **COUNT IV**
## **RETALIATION UNDER THE ADAAA**

102. Plaintiff re-alleges and adopts the allegations of paragraphs 1-5, 11-12, 15-46, 48-50, 58-60 above as if fully set forth herein.

103. Plaintiff suffers from a medical condition pursuant to the ADAAA.

104. Plaintiff was retaliated against by the Defendant due to his disability in violation of Federal law.

105. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

106. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

107. Defendant terminated Plaintiff because he took necessary time off while hospitalized due to his disability.

108. Defendant terminated Plaintiff in violation of the ADAAA.

109. Plaintiff is protected by the ADAAA:

a.        Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of his disability or "perceived

>   disability" by Defendant; and
>
>   b.   Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

110. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

111. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

112. Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

113. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

114. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

115. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

116. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

117. Defendant does not have a non-discriminatory rationale for

terminating the Plaintiff.

118. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is members of protected classes as envisioned by the ADA.

119. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

120. The retaliation to which Plaintiff was subjected was based on his disability and/or "perceived disability."

121. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

122. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

123. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this __4th__ day of __November__, 2022.

        s/ Edward W. Wimp
        Edward W. Wimp, Esquire – LEAD COUNSEL
        FBN: 1015586
        Email: ewimp@theleachfirm.com
        Direct: 407-574-6339

        Anthony J. Hall, Esquire
        FBN: 0040924
        Email: ahall@theleachfirm.com

        THE LEACH FIRM, P.A.
        631 S. Orlando Ave., Suite 300
        Winter Park, FL 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 813-7513

        Attorneys for Plaintiff